UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASIB HEADLEY,

                                                  Petitioner,

                          v.                                     9:07-CV-0979
                                                                        (FJS)(GHL)

ROBERT ERCOLE, Superintendent,

                                                Respondent.
_____

APPEARANCES:                                    OF COUNSEL:

JASIB HEADLEY
Petitioner, *pro se*

OFFICE OF THE ATTORNEY GENERAL        JODI A. DANZIG, ESQ.
State of New York                                   Assistant Attorney General
Attorney for Respondent

GEORGE H. LOWE, U.S. MAGISTRATE JUDGE

**ORDER**

      Presently before the Court is a request from *pro se* petitioner Jasib Headley that this habeas corpus proceeding be stayed for sixty days so that he may exhaust certain additional claims in state court. Dkt. No. 9.[1] Petitioner states that he intends to file a CPL section 440.10 motion alleging that he received ineffective assistance of trial counsel. *Id*. at 1.[2] Petitioner claims that the requested stay and abeyance is appropriate under the standards announced in *Rhines v. Weber*, 544 U.S. 269 (2005).

---

[1] Petitioner complains of a judgment rendered in Broome County Court wherein he was convicted at a jury trial of murder in the second degree, conspiracy in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree. Dkt. No. 1 at 1. Petitioner's convictions were affirmed by the Appellate Division, Third Department, and the Court of Appeals denied leave to appeal on July 20, 2007. *Id*. at 2.

[2] Petitioner claims that trial counsel failed to conduct any pretrial investigation, did not present a valid alibi defense, and engaged in a prejudicial cross-examination of the prosecution's chief witness. *Id*.

Respondent opposes the requested stay. Dkt. No. 10. Counsel claims that petitioner has not demonstrated good cause for not exhausting these claims prior to commencing this action. Respondent also urges denial of the stay on the ground that petitioner's additional claims are meritless. As to the allegedly prejudicial cross-examination, respondent argues that petitioner's failure to raise that issue on direct appeal bars federal habeas review. *Id*. at 2. Respondent argues that petitioner's claim regarding the alibi defense would also fail because petitioner will be "unable to satisfy either prong of the *Strickland* [*v. Washington*, 466 U.S. 668 (1984)] test." *Id*. at 3.

Petitioner has filed a reply. Dkt. No. 12. Petitioner claims that good cause exists for the stay because he only recently learned of his right to present an alibi defense. *Id.* at 1. Petitioner also opposes respondent's characterization of his ineffective assistance of counsel claim as meritless. *Id*. at 2.

Respondent has not yet responded to the petition.[3]

As the Second Circuit recognized in *Zarvela v. Artuz*, 254 F.3d 374, 378 (2d Cir. 2001), *cert. denied*, 534 U.S. 1015 (2001), the procedural complexities confronting a habeas petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are considerable. In cases such as this, where the petitioner seeks to pursue additional unexhausted claims in state court, as well as cases where the court is presented with a "mixed petition" containing both exhausted and unexhausted claims, the district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining whether a stay is proper. The

---

[3] The response is due May 5, 2008.

2

Second Circuit ruled in *Zarvela* that the district court may dismiss a mixed petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies; however if dismissal would "jeopardize the timeliness of a collateral attack" the district court should stay the petition. *Zarvela*, 254 F.3d at 380. The Second Circuit went on to state that any stay must be "appropriately conditioned," so that a petitioner is not permitted "to take an undue amount of time to pursue state court remedies." *Id*.

The United States Supreme Court has since approved the stay and abeyance procedure, but with limitations. *See Rhines v. Weber*, 544 U.S. 269 (2005). Specifically, the Supreme Court stated that stays should only be granted if the petitioner can show "good cause" for failing to exhaust all available state court remedies earlier and can also show that his unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 277. The *Rhines* Court stated that

> stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Rhines*, 544 U.S. at 277. The *Rhines* court also stated that if a petitioner "engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Rhines*, 544 U.S. at 278.[4]

In this case, the Court of Appeals denied petitioner leave to appeal on July 20, 2007, and

---

[4] To date, the Second Circuit Court of Appeals has provided little guidance on what constitutes good cause for failure to exhaust state court remedies. *See Otra v. Rivera,* No. 05-CV-645S, 2006 WL 2711462, *2 (W.D.N.Y. Sep. 20, 2006) (noting that the majority of lower courts which have addressed the issue have analogized the "good cause" requirement to the requirement that a habeas corpus petitioner demonstrate "cause" to excuse other types of procedural defaults).

his convictions became final for purposes of the AEDPA on approximately October 20, 2007. Accordingly. the AEDPA's one-year limitations period for seeking federal habeas corpus relief expires one year later, on October 20, 2008, except to the extent that it is tolled by petitioner's filing of a state court collateral proceeding.  Assuming that petitioner proceeds promptly to state court, he will have an adequate opportunity at the conclusion of that proceeding to return to this Court to seek federal habeas corpus review of his additional claim(s) .[5]  However, in the absence of a stay, the prompt determination of the original petition may render the habeas corpus remedy unavailable as to these additional claims.

Based upon the foregoing, although it does not appear that denial of the requested stay will "jeopardize the timeliness of a collateral attack," the Court nevertheless finds that a brief stay is warranted in order to preserve the viability of petitioner's additional claims which, on the present record, do not appear to be "plainly meritless."  The Court also finds that petitioner has sufficiently demonstrated good cause for failing to exhaust available state court remedies with respect to all of his claims prior to commencing this action.  Moreover, because a response to the petition has not yet been filed, a brief stay can not reasonably be expected to significantly delay consideration of the petition but, rather, may assist the Court in managing further proceedings in this action.

WHEREFORE, it is hereby

ORDERED, that further proceedings in this matter are stayed on the following terms and conditions: **Within thirty (30) days** of the filing date of this Order, petitioner shall commence in

---

[5] For example, the filing of a state court proceeding on May 1, 2008 will toll the limitations period.  Upon the conclusion of that proceeding the limitations period will resume running and petitioner will have approximately 170 days in which to seek leave to amend his petition to assert the newly exhausted claim(s).

the appropriate state court a post-conviction proceeding by which he asserts the claims which formed the basis for his request to stay this proceeding, and it is further

ORDERED, that **within thirty (30) days** of the resolution of petitioner's state court action, petitioner must so advise the Court in writing and request leave to lift the stay. Petitioner is also directed to provide a copy of the state court decision concerning the disposition of that claim, and it is further

ORDERED, that petitioner advise the Court, **within sixty (60) days** of the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceeding, and it is further

ORDERED, that if petitioner fails to comply with the terms of this Order, the stay shall be lifted and the file shall be returned to the Court for further consideration, and it is further

ORDERED, that the Clerk serve a copy of this Order upon the parties.

IT IS SO ORDERED.

Dated: April 24, 2008
      Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge