UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JASIB HEADLEY,

                                             Petitioner,

       -v.-                                             9:07-CV-979
                                                                       (FJS)(GHL)

ROBERT ERCOLE, Superintendent,

                                             Respondent.

---

APPEARANCES:                              OF COUNSEL:

JASIB HEADLEY,
Petitioner *pro se*

OFFICE OF THE ATTORNEY GENERAL       JODI A. DANZIG, ESQ.
State of New York                               Assistant Attorney General
Attorney for Respondent

**GEORGE H. LOWE, U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION & ORDER

       On September 19, 2007, Petitioner Jasib Headley filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 challenging a judgment of conviction rendered in Broome County Supreme Court by which Petitioner was found guilty by a jury of second degree murder (two counts) and related charges. Dkt. No. 1 at 1. Petitioner raised the following grounds for relief: (1) the verdict was against the weight of the evidence; and (2) he was improperly convicted of two counts of criminal possession of a weapon. *See* Dkt. No. 1, Grounds One and Two.

       On March 10, 2008, before a response to the petition was filed, Petitioner filed a motion to stay his petition in order to permit him to exhaust a claim that trial counsel was ineffective. *See* Dkt. No. 9. Petitioner's motion was granted in an Order dated April 24, 2008. *See* Dkt. No. 13.

       On March 4, 2009, Petitioner filed a letter-motion in which he asked that the stay be lifted.

Dkt. No. 20. Petitioner stated that his motion pursuant to New York's Criminal Procedure Law ("CPL") § 440.10, filed on May 14, 2008, was denied by the Broome County Court on December 8, 2008, and that the Appellate Division, Third Department, denied leave to appeal on February 11, 2009. *See id.* Petitioner requested an additional ninety (90) days to file an amended petition to include the newly exhausted claims and to "amplify the claims currently before the court." *Id.*

In an Order dated March 16, 2009, the stay was lifted and Petitioner was directed to file an amended petition within sixty (60) days of the date of the Order. Dkt. No. 21.

On May 15, 2009,[1] Petitioner filed an amended petition along with several state court records. *See* Dkt. No. 22. In the amended petition, Petitioner claims that trial counsel was ineffective for failing to: (1) investigate and present a viable alibi defense; (2) conduct an adequate pretrial investigation; (3) impeach a prosecution witness with a prior inconsistent statement; and (4) object to the prosecutor's prejudicial comments during cross-examination. *See* Dkt. No. 22, Am. Pet. at 7-16.

Ordinarily, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, which is applicable to section 2254 petitions for habeas corpus relief, "an amended pleading supplants the original pleading, rendering it of no legal effect." *Brown v. Rick*, No. 01 Civ. 4310, 2003 WL 22801397, at *3 n.3 (S.D.N.Y. Nov. 25, 2003)(citing *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) (stating that an amended complaint supercedes the original complaint), *cert. denied* 434 U.S. 1014 (1978)). *See also Fama v. Comm'r of Corr. Srvcs.,* 235 F.3d 804, 816

---

[1] The prison mailbox rule provides that a *pro se* petition is deemed "filed" at the time it was delivered to "prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). *See also Noble v. Kelly,* 246 F.3d 93, 97 (2d Cir. 2001). Petitioner signed and dated his amended petition on May 15, 2009 and gave it to prison authorities on that date for mailing. *See* Dkt. No. 22 at 17.

(2d Cir. 2000)("we hold that Rule 15(c) [of the Federal Rules of Civil Procedure] applies to [28 U.S.C.] § 2254 petitions for *habeas corpus*.").

A review of the filings indicates that it is unclear whether Petitioner intends to abandon the two claims in his original petition or whether his amended petition is intended to supplement the original petition.  In other words, it is unclear whether Petitioner wants the Court to consider *only* the claims raised in the amended petition or whether he wants the Court to consider the two claims raised in his original petition *in addition* to the claims raised in the amended petition.  Therefore, Petitioner should file a "second amended petition" that clarifies this issue.

Accordingly, the Clerk should provide Petitioner with a blank § 2254 habeas petition. Petitioner shall fully complete each and every part of the blank petition, including those portions that require him to state the name and location of the court which entered the judgment of conviction, the **date** of the judgment of conviction, the offense(s) for which he was convicted, the length of the sentence he received, and the date on which the court imposed the sentence. Additionally, the second amended petition must clearly list the **date(s)** on which Petitioner properly **filed** his application(s) for state post-conviction or other collateral review concerning the subject conviction, including any direct appeal, and all post-conviction motions to vacate his conviction or modify his sentence, the name and location of the court in which he **filed** each application and the date on which that court **denied** each application.

Petitioner must also **clearly** state the grounds upon which he bases his second amended petition, and the facts supporting each ground.  Each ground Petitioner wishes to raise, and the facts supporting each ground, must be set forth **in the petition itself**.  Any legal arguments Petitioner

3

wishes to make should be set forth in a separate memorandum of law.[2]  The Court advises Petitioner that he shall not incorporate **any portion of any prior petition** into his second amended petition by reference.  Petitioner must include all relevant information in the second amended petition and shall submit only one second amended petition in accordance with the terms of this Order.  Any claims that are not set forth and included in the second amended petition will **not** be considered by the Court.  If Petitioner does not file a second amended petition in accordance with this Order, the Court will direct a response to the amended petition (Dkt. No. 22), which contains only the ineffectiveness claims.

Petitioner is also advised that, under Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, the *Respondent* must attach the relevant state court records to his or her answer to the habeas corpus petition.  *See* Rule 5(c), (d) of the Rules Governing Section 2254 Cases in the United States District Courts.  Therefore, the Clerk should return to Petitioner the state court records that are attached to the amended petition.  Petitioner should not include any state court records with his second amended petition.

**WHEREFORE**, it is hereby

**RECOMMENDED,** that Petitioner file a second amended petition **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED,** that if Petitioner fails to file a second amended petition **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation, the Court will issue an Order directing a response to the amended petition (Dkt. No. 22), which contains only

---

[2] The memorandum of law must conform to the requirements set forth in Local Rule 7.1(a)(1). N.D.N.Y. L.R. 72.4(a). For instance, the memorandum may not exceed twenty-five (25) pages in length, "unless . . . leave of the judge hearing the motion [is obtained] prior to filing." N.D.N.Y. L.R. 7.1(a)(1) (emphasis in original).

Petitioner's claims of counsel ineffectiveness; and it is further

**RECOMMENDED,** that the Clerk return to Petitioner the state court records attached to his amended petition, and provide Petitioner with a blank § 2254 habeas petition; and it is further

**ORDERED**, that Respondent's obligation to respond to the amended petition is stayed until further order of this Court; and it is further

**ORDERED,** that upon the filing of any second amended petition, the Clerk shall forward the file in this matter to the Court for further review; and it is further

**ORDERED,** that the Clerk shall serve a copy of this Report-Recommendation & Order on Petitioner and Respondent in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**<u>FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:  May 28, 2009
 Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge